# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MARIA-MICHELLE CANULLA                                                          PLAINTIFF

v.                            NO. 4:10CV01461 BSM/HDY

ARKANSAS DEPARTMENT OF HUMAN SERVICES;                          DEFENDANTS
JOHN SELIG, Individually and in his official
capacity as the Director of the Arkansas Department
of Human Services; ROY JEFFUS, Individually
and in his official capacity as the former Director
of the Arkansas Department of Human Services;
GENE GESSOW, in his official capacity as Director
of Medical Services, Arkansas Department of
Human Services; CAROL SHOCKLEY, Individually
and in her official capacity as Director of the
Office of Long-Term Care, Arkansas Department
of Human Services; FRANK GOBELL, Individually
and in his official capacity as the Business Operations
Manager, Office of Long-Term Care, Arkansas
Department of Human Services; ROSE TABOR,
Individually and in her official capacity as Nurse
Manager, Office of Long-Term Care, Arkansas
Department of Human Services; JUDY JOHNSON,
Individually and in her official capacity as Nurse
Manager, Office of Long-Term Care, Arkansas
Department of Human Services; SANDRA BROUGHTON,
Individually and in her official capacity as Program
Manager, Office of Long-Term Care, Arkansas
Department of Human Services; and VICKY HINSON,
Individually and in her official capacity as Nurse
Supervisor, Office of Long-Term Care, Arkansas
Department of Human Services

## ORDER

Plaintiff Maria-Michelle Canulla ("Canulla") commenced the proceeding at bar by filing a pro se complaint pursuant to, inter alia, Title VII.  She joined the complaint with an application to proceed in forma pauperis and a motion for appointment of counsel.  Shortly thereafter, she filed an amended complaint.   United States District Judge Brian S. Miller granted Canulla's application to proceed in forma pauperis but denied her motion for appointment of counsel.  With regard to her request for counsel, Judge Miller found the following:

> Plaintiff Maria-Michelle Canulla requests appointment of counsel on the basis that: she has been unable to independently obtain counsel due to her lack of financial resources; she lacks the requisite knowledge to understand complex legal issues and pursue her claims; and the ends of justice are best served by appointment of counsel.  …  For the reasons set forth below, [her] motion is denied.
>
> To begin, although Canulla has demonstrated her difficult financial situation, she has not demonstrated her efforts to obtain counsel on a pro-bono or contingent basis.  Furthermore, her original and amended complaints prove her ability to adequately pursue her claims, none of which is especially complex.  Finally, although her claims do not appear to be frivolous or malicious, Canulla has failed to show that she is likely to succeed on the merits.  Accordingly, Canulla's request for the appointment of counsel is denied.

See Document 8 at 1-2.

Canulla then filed a motion for reconsideration of the order denying her request for appointment of counsel.  Judge Miller denied the motion, finding the following:

> Plaintiff Maria-Michelle Canulla's motion ... for reconsideration of the October 25, 2010, order denying her motion to appoint counsel is denied. Canulla is notified that she must diligently seek representation before her request to appoint counsel can be considered. She may renew her motion if she can prove that at least three attorneys–engaged in the practice of disability law and without a conflict of interest–decline to represent her.

See Document 11 at 1.

Canulla has now filed the pending motion to renew reconsideration of her request for appointment of counsel, see Document 20, a motion that Judge Miller has referred. In the motion, she represents that she has diligently attempted to retain an attorney but has been unable to retain one. She supports her motion by attaching the letters of three different attorneys who declined to represent her.

The Court has reviewed Canulla's motion to renew reconsideration of her request for appointment of counsel in accordance with the factors outlined in Slaughter v. City of Maplewood, 731 F.2d 587 (8th Cir. 1984).[1] With regard to the state of her financial resources, Judge Miller found, and the Court agrees, that she has demonstrated her difficult financial situation. With regard to her efforts to secure counsel, it is clear that she has attempted to retain an attorney but her attempts have been unsuccessful. The only remaining issue involves the merits of her discrimination/retaliation claims.

---

[1] "Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." See Id. at 590.

With regard to the merits of Canulla's discrimination/retaliation claims, Judge Miller found that she has failed to show that she is likely to succeed on the merits. Notwithstanding the finding made by Judge Miller, the Court has conducted an independent evaluation of her claims. In so doing, the Court has considered the pleadings germane to the issue, namely, her initial pro se complaint and the attachments accompanying it, her amended pro se complaint, her motions for counsel, and the defendants' answer. Those documents establish very little. It is therefore extremely difficult, if not virtually impossible, at this stage of the proceeding to determine whether Canulla's claims have merit. To the extent such a determination is possible, the Court agrees with Judge Miller that she has failed to show that she is likely to succeed on the merits.

With respect to other matters, the factual and legal complexity of this proceeding does not appear to be great. In addition, Canulla is not incarcerated and thus has the ability to investigate the facts.

On the basis of the foregoing, the Court is not persuaded at this time that counsel should be appointed to represent Canulla. Her motion to renew reconsideration of her request for appointment of counsel is therefore denied. See Document 20.[2]

---

[2] The denial of her request for counsel does not necessarily preclude any further consideration of her request. If she chooses to file another motion for counsel, she should be prepared to offer something that would assist the Court in determining whether her claims have merit. The Court is also alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may justify appointing an attorney. See Williams v. Carter, 10 F.3d 563 (8th Cir. 1993).

IT IS SO ORDERED this ___29___ day of November, 2010.

 

_____
UNITED STATES MAGISTRATE JUDGE